IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**DONALD D. MONTOYA,**

       Plaintiff,

vs.                                       Civ. No. 04-1357 ACT


**MICHAEL J. ASTRUE,** [1]
**Commissioner of Social Security,**

       Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees filed June 29, 2007. [Doc. 26.] Plaintiff's counsel requests attorney fees in the amount of $5,645.09 for 24.75 hours of work associated with the federal litigation of Plaintiff's Social Security disability claim. Pursuant to 42 U.S.C. § 406(a), the Administrative Law Judge has approved fees of $5,300.00 for counsel's representation of Plaintiff in the administrative proceedings. The Court awarded Plaintiff $3,517.45 in fees pursuant to the Equal Access Justice

---

[1] Effective February 1, 2007, pursuant to Fed.R.Civ.P. 25(d)(1), Michael Astrue, Commissioner of Social Security Administration, is substituted for Jo Anne B. Barnhart as the defendant in this action. No further action need to be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. Section 405(g).

Act, 28 U.S.C. § 2412 ("EAJA").[2]

Having considered the motions and memoranda, record, relevant law and being otherwise fully advised, the Court finds that Plaintiff's Motion is well-taken and will be granted.

Plaintiff filed this action on December 3, 2004, after receiving a final decision from the Social Security Administration denying his claim for disability benefits. On September 19, 2005, the Court granted Plaintiff's Motion to Remand and remanded this case to the Commissioner. [Doc. 20.] Plaintiff received a favorable decision from the Commissioner on December 1, 2006. [Doc. 26, Ex. A.]

Plaintiff's counsel requests 42 U.S.C. § 406(b) fees in the amount of $5,645.09. Defendant filed a brief in response to Plaintiff's motion and "decline[d] to assert a position on the reasonableness of Plaintiff's request...." [Doc. 28.] Rather, Defendant asserts that the Court is to "act as an 'independent check' on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a 'reasonable' result in particular cases." [*Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).]

## LEGAL STANDARD

Attorney fees for work in Social Security proceedings may be awarded under two different statutes: EAJA, 28 U.S.C. § 2412(d)(2)(A) and the Social Security Act ("SSA"), 42 U.S.C. §406(b)(1). These statutes provide for two different kinds of fees. *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006). "EAJA fees are based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due

---

[2] "The [EAJA] provides for the award of fees and expenses to the prevailing party in a civil action against the Federal Government, unless the position of the United States was substantially justified." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520 (10th Cir. 1993) (quotations omitted).

benefits." *Id*. (internal citation omitted). Fees awarded under the SSA "satisfy a client's obligation to counsel and are, therefore, paid out of the plaintiff's social security benefit award, while EAJA fees penalize the Commissioner for assuming an unjustified legal position, and therefore are paid out of the agency's funds. *Id*. "In that vein, an EAJA award is to the claimant, while counsel receives an SSA award." *Id*. If counsel is awarded fees under both statutes, counsel must refund the smaller amount to the claimant. *Id.* In *McGraw*, the Tenth Circuit further noted that "[o]ne of the primary benefits of [SSA fee awards]...from counsel's perspective, is that they authorize the Commissioner to deduct the approved fees from the claimant's past-due benefits and pay them directly to counsel." *Id*. at 498.

### DISCUSSION

Section 406(b)(1)(A) permits the Court, as part of its judgment, to allow a reasonable fee to Plaintiff's counsel, not to exceed 25% of the past-due benefits awarded.[3] *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002); *Frazier v. Apfel*, 240 F.3d 1284, 1286(10th Cir. 2001). The Court may reduce such attorney fees where the attorney is responsible for delay, where the representation is substandard, or where "the benefits are large in comparison to the amount of time counsel spent on the case..." *Id*. at 808 (citation omitted). Defendant does not contend, nor does the Court see any evidence that Plaintiff's case was delayed, that his attorney's representation was substandard, or that the requested fee outweighs the time counsel spent on this case.

Plaintiff's counsel has the burden of demonstrating that it is reasonable to seek $5,645.09 in return for the services rendered to the Plaintiff. *Gisbrecht*, 553 U.S. at 807. Counsel supports his position by noting several factors, including time, labor and skill required, the contingency fee

---

[3] Plaintiff's $43,684.34 recovery in back benefits caps his attorney's potential fee award at $10,921.09.

negotiated, the amount involved and results obtained, the experience, reputation, and ability of the attorney, and the amount of awards in similar cases. [Doc. 27.] After reviewing this evidence, the Court finds that Plaintiff's contingency fee contract with his attorney seems reasonable in light of counsel's skill, the quality of his representation, and the ultimate success of the case.  Thus, the Court will award Plaintiff's requested attorney's fees.

**IT IS THEREFORE ORDERED** that Motion for an Order Authorizing Attorney Fees is granted and Plaintiff's counsel is awarded $5,645.09 as fees for legal services rendered before this Court, to be paid by the Social Security Administration.

**IT IS FURTHER ORDERED** that Plaintiff will receive the previously awarded EAJA fees in the amount of $3,517.45 minus $37.50 for advanced costs and $745.53 gross receipts tax.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE,**
**PRESIDING**